UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WARD,

    Petitioner,

v.

CINDI S. CURTIN,

    Respondent.
_____/

Case No. 10-11942

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 12, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On May 13, 2010, Nathan Ward ("Petitioner"), a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree murder, Michigan Compiled Laws § 750.316. The Court has referred this action to Magistrate Judge Paul J. Komives for all pretrial proceedings. Magistrate Judge Komives issued a Report and Recommendation ("R&R") on February 8, 2011, in which he recommends that this Court deny the petition. Petitioner submitted objections to the R&R on February 22, 2011. Respondent has not filed a response to Petitioner's objections.

Petitioner first objects to the R&R's statement of the factual background of this case,

arguing that his appellate brief presented the facts accurately. In a habeas proceeding, the state court's findings of fact are presumed correct until Petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011). Because Petitioner has not produced such evidence, the Court rejects his objection.

Petitioner next objects to the R&R's statement of the standard of review, arguing that he is entitled to relief if the state court decision was based on an "unreasonable determination of the facts in light of the evidence presented." Page eight of the R&R states that the writ of habeas corpus should be granted if the state court has unreasonably applied correct legal principles to the facts of Petitioner's case, citing *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534-35 (2003). As the R&R accurately stated the appropriate standard of review, the Court rejects Petitioner's objection.

Petitioner objects to Magistrate Judge Komives' analysis of his ineffective assistance of counsel claim relating to jury instructions. Petitioner was convicted of two counts of murder: first-degree premeditated murder (Count I) and first-degree felony murder (Count II). Petitioner received a lesser offense instruction for second-degree murder on the premeditated murder charge. He argues that he had no involvement in the robbery or murder of the victim, and was thus entitled to a lesser included offense instruction for second-degree murder on the felony murder charge. The Court rejects this argument for three reasons. First, the jury found Petitioner guilty of first-degree premeditated murder, despite a lesser offense instruction given with respect to that charge. Under Michigan law, felony murder and premeditated murder are alternative means of committing first-degree

murder. *See* Michigan Compiled Laws § 750.316(1). Petitioner was therefore given a lesser offense instruction on his first-degree murder charge. Second, there was no dispute of fact requiring a lesser offense instruction on the felony murder charge. "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v. Smith*, 478 Mich. 64, 69, 731 N.W.2d 411, 414 (Mich. 2007) (quoting *People v. Cornell*, 466 Mich. 335, 357, 646 N.W.2d 127, 139 (Mich. 2002)). The felony murder charge required the prosecutor to establish that the murder occurred during the commission of the underlying felony - in this case, larceny. Defense counsel conceded that the victim was murdered during the commission of larceny; he simply argued that Petitioner did not commit either crime. Because the felony element of the felony murder charge was not disputed, a lesser offense instruction was unnecessary. Third, any error was harmless, as the jury convicted Petitioner of first-degree premeditated murder despite the lesser offense instruction. First-degree murder carries a life sentence, which Petitioner must serve even if he were acquitted of the felony murder charge. As Petitioner cannot show prejudice, the Court rejects his objection.

    Petitioner objects to Magistrate Judge Komives' conclusion that he is not entitled to relief on his claim relating to court-appointed counsel fees. Petitioner claims that before ordering reimbursement for the expense of court-appointed counsel, the trial judge was required to consider Petitioner's ability to pay, relying on *People v. Dunbar*, 264 Mich. App. 240, 690 N.W.2d 476 (Mich. Ct. App. 2004). The Court notes that "it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). Even if Petitioner's claim were cognizable in this proceeding, however, it would fail on its merits, as the Michigan Supreme Court has overruled *Dunbar*:

> [W]e conclude that *Dunbar* was incorrect to the extent that it held that criminal defendants have a constitutional right to an assessment of their ability to pay before the imposition of a fee for a court-appointed attorney. With no constitutional mandate, *Dunbar*'s presentence ability-to-pay rule must yield to the Legislature's contrary intent that no such analysis is required at sentencing.

*People v. Jackson*, 483 Mich. 271, 290, 769 N.W.2d 630, 641 (Mich. 2009). *Jackson* held that Defendants are not entitled to an ability-to-pay assessment until the fee is enforced. *Id.* at 292, 769 N.W.2d at 642. The Court therefore rejects Petitioner's objection.

Petitioner objects to Magistrate Judge Komives' recommendation that a certificate of appealability should not issue. A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603 (2000). Petitioner argues that reasonable jurists could debate whether his petition should be granted, but the Court disagrees. A lesser offense instruction on second-degree murder would not have been proper, as there was no dispute that the victim was killed during the commission of a larceny. Even if such an instruction were proper, the error was harmless. Counsel was not ineffective for failing to

4

request the instruction.  As for Petitioner's claim relating to his court-appointed attorney fee, the Michigan Supreme Court has recently held that criminal defendants do not have the constitutional right to an ability-to-pay determination before the fee is imposed. Because Petitioner cannot show that he was denied a constitutional right, the Court rejects Petitioner's objection and declines to issue a certificate of appealability.

For the reasons stated above, the Court concurs with the conclusions reached by Magistrate Judge Komives and rejects Plaintiff's objections to the R&R.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

Nathan Ward, #132491
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

Debra M. Gagliardi, A.A.G.
Magistrate Judge Paul J. Komives